UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

SANDRA ORTIZ ESPINOZA,

    Plaintiff,

v.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendants, DOLLAR TREE STORES, INC., a foreign corporation ("Dollar Tree"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1332, 1441 and 1446, files this Notice of Removal of the above-entitled action from the 19th Judicial Circuit in and for Indian River County, Florida ("Civil Division"), to the United States District Court for the Southern District of Florida ("Fort Pierce Division") and in support thereof, states as follows:

1. On or about June 4, 2020, Plaintiff, Sandra Ortiz Espinoza ("Espinoza") filed an action against Dollar Tree in the Circuit Court in and for Indian River County, Florida, Case No. 31-2020CA000358 (hereinafter referred to as "State Court Action").

2. Dollar Tree was served with a copy of Plaintiff's Summons and Complaint on June 8, 2020. A copy of the Summons reflecting service is attached as "Exhibit A."

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. A true and legible copy of all pleadings and other papers or exhibits of every kind on file in the State Court action are attached hereto as "Exhibit B."

5. No orders have been signed by the State Judge presiding over this action.

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one that may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because it is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

## MEMORANDUM OF LAW

### I.     DIVERSITY JURISDICTION

In order to qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. See Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354 (S.D. Fla. 1998). As affirmatively alleged, the Plaintiff is a resident of Indian River County. Therefore, Plaintiff is domiciled in, and a citizen of, the State of Florida for purposes of 28 U.S.C. § 1332.

Dollar Tree is a Limited Liability Company organized in Virginia, with its principle place of business in Chesapeake, VA. The citizenship of corporate entities is dependent upon the state in the corporation is incorporated and the State where it has its principal place of business. See Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (concluding that "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control and coordinate the corporation's activities" and this is also referred to as the corporation's "nerve center" or headquarters); Lincoln Property Co. v. Roche, 546 U.S. 81, 88 (2005) (holding that the allegation are that a corporation is a citizen of Texas with its corporate headquarters in Texas, then the corporation is a citizen of Texas and no other state); Simon Holdings PLC Group of Companies UK v. Klenz, 878 F.Supp. 210, 211-212 (M.D.Fla. 1995); Bel-Bel International Corp., v. Community Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1999); 28 U.S.C. § 1332, (c)(1).

Even if a corporation's general business activities are primarily in one state, that corporation's "principal place of business" will nevertheless be the state where its top officers direct the corporation's activities. See Friend, 559 U.S. at 96 (recognizing that a company's primary business activities visible to the public may be in New Jersey when the company's top officers direct the company's activities from New York yet noting that the company would still be entitled to remove a New Jersey state case to federal court"). Here, the Plaintiff acknowledges in the State Court Complaint that Dollar Tree is a foreign corporation. See Complaint in "Exhibit B." As additional confirmation, records of the Secretary of State of Virginia confirm that Dollar Tree is a foreign corporation incorporated in the State of Virginia with its principal place of business in Chesapeake, Virginia. *See Application by Foreign Limited Liability Company* attached hereto as "Exhibit C." Therefore under 28 U.S.C. § 1332(c), Dollar Tree is a citizen of the State of Virginia.

Accordingly, complete diversity of citizenship for purposes of 28 U.S.C. § 1332(a)(1) existed between the Plaintiff and Defendant at the time Plaintiff commenced an action in State Court, and continues to exist as of the time of the filing of this Notice of Removal.

## II.      AMOUNT IN CONTROVERSY

The amount in controversy in this matter exceeds $75,000.00. Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00." Here, in the State Court Complaint, Espinoza has generally alleged an unspecified sum of damages that "exceed the minimum jurisdictional amounts. . ." (Compl ¶ 1). In the Eleventh Circuit, when a plaintiff has made an unspecified claim for damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy "can more likely than not be satisfied." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

If the removal petition is brought under the first paragraph of 28 U.S.C. § 1446(b) — that is, within thirty (30) days of the defendant being served with the state court complaint — as it is here, "[t]he substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of evidence standard," and "[d]efendants may introduce their own affidavits, declarations . . ." or "other summary judgment type evidence that may reveal that the amount in controversy is satisfied." Pretka v. Kolter City Plaza II, Inc., 608 F. 3d 744 (11th Cir. 2010); Design Center of the America, LLC v. Mike Bell Inc., 54 F. Supp. 3d 1339 (S.D. Fla. 2014). A defendant may obtain removal of a case to federal court by relying on "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754.

Espinoza has generally alleged damages in excess of $30,000.00 in the State Court complaint. However, on May 21, 2019, Espinoza, through counsel, indicated that she has sustained approximately $168,289.45 in medical expenses and estimates that she will incur approximately $195,000.00 in future medical expenses. Furthermore, Plaintiff's demand is well in excess of $75,000. Here, it is clear, that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs.

Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) and Dollar Tree is entitled to remove this action pursuant to 28 U.S.C. § 1441 and 1446(b).

### III.   NOTICE AND TIMELINESS

Finally, this petition and notice thereof has been provided to Espinoza and has been filed with the Clerk of Court in the 19th Judicial Circuit in and for Indian River County, Florida within

thirty (30) days of service of Serrano's Complaint, and is therefore timely according to 28 U.S.C. 1446(b).[1]

WHEREFORE, Defendant, DOLLAR TREE STORES, INC., respectfully requests the removal of the action pending in the Circuit Court for the 19th Judicial Circuit in and for Indian River County, Florida to the United States District Court for the Southern District of Florida, Fort Pierce Division.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2020, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

>   COLE, SCOTT & KISSANE, P.A.
>   Counsel for Defendant DOLLAR TREE STORES, INC.
>   222 Lakeview Avenue, Suite 120
>   West Palm Beach, Florida 33401
>   Telephone (561) 383-9206
>   Facsimile (561) 683-8977
>   Primary e-mail: katie.merwin@csklegal.com
>   Secondary e-mail: mark.fereg@csklegal.com
>   Alternate e-mail: krystal.desinord@csklegal.com
>
>   By:  s/ Mark Fereg
>   KATIE M. MERWIN
>   Florida Bar No.: 41635
>   MARK FEREG
>   Florida Bar No.: 1008822

---

[1] The required filing fee and an executed Civil Cover Sheet accompany this notice.