Filing # 108374031 E-Filed 06/04/2020 10:47:53 AM

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CASE NO.: 312020CA000358XXXXXX

SANDRA ORTIZ ESPINOZA,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

Date: 6/8/20 Time: 1005h
MCN #111
is a certified process server in the Circuit and County Courts in and for the Second Judicial Circuit

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this Summons and a copy of the Complaint in the above styled cause upon the following Defendant:

        DOLLAR TREE STORES, INC.
        c/o Corporation Service Company, Registered Agent
        1201 Hays Street
        Tallahassee, FL 32301-2525

    Said defendant is required to serve written defenses to the Complaint on CHRISTOPHER M. ROTUNDA, ESQ., Plaintiff's attorney, whose address is:

        CHRISTOPHER M. ROTUNDA, ESQ.
        Graves Thomas Rotunda Injury Law Group
        3885 20th Street
        Vero Beach, FL 32960

within 20 days after service of this Summons on said defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

    WITNESS my hand and the seal of said Court this _____ day of June, 2020.

                Jeffrey R Smith
                Clerk of Court

(COURT SEAL)                BY: _____  06/05/2020
                                            Deputy Clerk

## IMPORTANT

A lawsuit has been filed against you. You have twenty (20) calendar days after this summons is served on you to file a written response to the attached Complaint in this Court. A phone call will not protect you; your written response, including the above case number and named parties, must be filed if you want the Court to hear your case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the Court, you must also mail or take a carbon copy or photocopy of your written responses to the "Plaintiff/Plaintiff's Attorney" named below:

**CHRISTOPHER M. ROTUNDA, ESQUIRE**
**3885 20th Street**
**Vero Beach, FL  32960**

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene veinte (20) días, contados a partir del recibo de esta notificación, para responder por escrito a la demanda en este corte. Una llamada telefónica no lo protegerá; su respuesta por escrito a la demanda, incluyendo el número del caso y las partes interesadas, debe ser recibida por la corte para que su caso sea presentado ante el Juez. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede llamar a un abogado, llamando a una de las oficinas de asistencia legal que aparecen en la guía telefónica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrita a la plainte ci-jointe aupres de ce Tribunal. Un simple coup de letclphone est insuffisant pour vous proteger; vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la caus ainsi que votre salaire, votre argent, et vos biens peuvent etre saisais par la suite, sans aucun preavis ulterieur du Tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vour ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie au carbone ou une photocipie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

IN THE CIRCUIT COURT OF THE 19th JUDICIAL CIRCUIT IN AND FOR INDIAN RIVER COUNTY, FLORIDA

CASE NO.:

SANDRA ORTIZ ESPINOZA,

    Plaintiff,

vs.

DOLLAR TREE STORES, INC.,

    Defendant.

_____/

## COMPLAINT

Plaintiff, SANDRA ORTIZ ESPINOZA ("Plaintiff"), sues Defendant, DOLLAR TREE STORES, INC., and alleges as follows:

1. This is an action for damages which exceed $30,000.00, exclusive of costs, interest and attorneys' fees.

2. At all times material to this action, Plaintiff was a resident of Indian River County.

3. At all times material to this action, Defendant, DOLLAR TREE STORES, INC. ("DOLLAR TREE"), was a Foreign Profit Corporation that was registered to do business, and was actually conducting business, in Indian River County, Florida.

4. The subject incident which forms the basis of this Complaint occurred in Indian River County, Florida.

5. At all times material to this action, Defendant, DOLLAR TREE, owned, operated, controlled, and/or maintained the business premises located at 5890 20th Street, Vero Beach, Indian River County, Florida.

6. On or about July 5, 2018, Plaintiff was a guest and business invitee of Defendant, DOLLAR TREE's, business premises for the purpose of shopping in Defendant's store.

7. On or about July 5, 2018, Plaintiff was walking through Defendant, DOLLAR TREE's, business premises when she slipped and violently fell to the ground due to a clear transitory foreign substance existing on Defendant, DOLLAR TREE's, flooring.

8. While she was still laying on the ground in pain after she slipped, fell, and sustained serious permanent bodily injuries, Plaintiff noticed that the clear transitory foreign substance existing on Defendant's flooring which caused her to slip and fall was coming from the overhead air conditioning unit.

9. On or about July 5, 2018, Defendant, DOLLAR TREE's, employee(s), agent(s), and/or servant(s) spoke to Plaintiff within a few minutes after the subject incident occurred and admitted to Plaintiff that Defendant, DOLLAR TREE, possessed actual knowledge that the overhead air conditioning unit located above the area where the subject incident occurred had been leaking for some time prior to July 5, 2018.

10. At all times material to this action, Defendant, DOLLAR TREE, negligently maintained the portion of its premises at issue by allowing a transitory foreign substance to exist on the floor, which created an unreasonably dangerous, hazardous, and unsafe condition.

11. At all times material to this action, Defendant, DOLLAR TREE, owed Plaintiff a duty to exercise reasonable care to maintain its premises in a reasonably safe condition for its guests and business invitees, including Plaintiff.

12. At all times material to this action, it was Defendant, DOLLAR TREE's, duty to determine if its premises were reasonably safe for its guests and business invitees and to use reasonable care to learn of any dangerous conditions existing on its premises.

13. At all times material to this action, it was Defendant, DOLLAR TREE's, duty not to create a dangerous condition or allow a dangerous condition to exist on its premises; or, if such a condition did exist, it was Defendant, DOLLAR TREE's, duty to remedy the dangerous condition.

14. At all times material to this action, it was Defendant, DOLLAR TREE's, duty to use ordinary care to design, build, keep, and maintain its premises in a condition which was reasonably safe for its intended use, and free from all defects and conditions which would render such premises unreasonably dangerous and/or unsafe for guests and business invitees on the premises, or present an unreasonable risk of harm to guests and business invitees on the premises.

15. At all times material to this action, it was Defendant, DOLLAR TREE's, duty to warn its invitees of any conditions rendering its premises unreasonably dangerous and unsafe for its guests and business invitees on the premises which Defendant, DOLLAR TREE, knew existed, or, in the exercise of reasonable care and diligence, should have known existed.

16. At all times material to this action, Defendant, DOLLAR TREE, maintained the specific premises/area and created the unreasonably dangerous and hazardous condition(s) existing on the premises located at 5890 20th Street, Vero Beach, Indian River County, Florida.

17. At all times material to this action, Defendant, DOLLAR TREE's, premises were unreasonably dangerous, hazardous, and unsafe for its guests and business invitees, including Plaintiff.

18. At all times material to this action, the aforementioned unreasonably dangerous, hazardous, and unsafe condition was actually known to Defendant, DOLLAR TREE; had existed for a sufficient length of time that in the exercise of reasonable and ordinary care, Defendant,

DOLLAR TREE, should have known of the condition; and/or occurred with such regularity that it was therefore reasonably foreseeable to Defendant, DOLLAR TREE.

19. Despite actual and/or constructive knowledge of the aforementioned unreasonably dangerous, hazardous, and unsafe condition, Defendant, DOLLAR TREE, breached the aforementioned duty(ies) it owed to Plaintiff by:

 a. negligently failing to conform to a certain standard of conduct for the protection of its business invitees;

 b. negligently failing to take reasonable steps and/or precautions to prevent the subject incident, and other substantially similar incidents, from occurring;

 c. negligently failing to maintain its business premises in a reasonably safe condition;

 d. negligently failing to implement reasonable inspection procedures of its business premises;

 e. negligently failing to inspect its business premises;

 f. negligently allowing an unreasonably dangerous condition to exist on its business premises;

 g. negligently failing to timely repair the unreasonably dangerous condition that existed on its business premises; and

 h. negligently failing to warn or otherwise protect Plaintiff of the unreasonably dangerous condition existing on its business premises.

20. Due to the aforementioned negligence of Defendant, DOLLAR TREE, Plaintiff fell on July 5, 2018 and sustained serious and permanent bodily injuries.

21. Plaintiff's fall, and resulting injuries, was a direct and proximate result of Defendant, DOLLAR TREE's, disregard of the duty(ies) that it owed to Plaintiff.

22. At all times material to this action, Plaintiff exercised reasonable and due care for her own safety.

23.     As a direct and proximate result of Defendant, DOLLAR TREE's, aforementioned negligence, Plaintiff suffered bodily injury and resulting pain and suffering, disability, mental anguish, disfigurement, loss of capacity for the enjoyment of life, medical care and treatment, loss of earnings, and loss of ability to earn money in the past and in the future. These losses are either permanent or continuing, and Plaintiff will suffer the losses in the future. Additionally, Plaintiff has suffered mental and emotional distress, and will continue to suffer mental and emotional distress in the future.

**WHEREFORE**, Plaintiff, SANDRA ORTIZ ESPINOZA, demands judgment against Defendant, DOLLAR TREE STORES, INC., for damages, costs of this action, trial by jury and such other and further relief as this Court may deem meet and just.

**DATED** this 4th day of June, 2020.

>               **GRAVES THOMAS ROTUNDA INJURY**
>               **LAW GROUP**
>               3885 20th Street
>               Vero Beach, FL 32960
>               Tel: (772) 569-8155
>               Fax: (772) 569-8270
>               Primary E-mail: pleadings@gravesthomas.com
>
>               /s/ Christopher M. Rotunda
>               Christopher M. Rotunda
>               Florida Bar No. 92012